Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
7960-B Soquel Drive, No. 291
Aptos, CA 95003
831-331-9909; Facsimile 815-301-6556
email: triallaw@cruzio.com
      donald@lawofficedonaldschwartz.com

Attorney In Pro Per

UNITED STATE BANKRUPTFCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:                                ]   Chapter 13

DONALD CHARLES SCHWARTZ  ]   Bankruptcy No. 25-50825

**MEMORANDUM IN OPPOSITION TO
"CONFIRMATION OF NO AUTOMATIC STAY"**

Debtor Donald Charles Schwartz ("Mr. Schwartz") submits this Memorandum of Points and Authorities re: Stay as follows:

There is one bankruptcy petition dismissed within one year of the new 6/2/25 filing date. Therefore, under applicable federal law there is a 30-day automatic stay of state court proceedings.

The "Ex Parte Application" simply looks at the Pacer "Closing Date." That is ridiculous. One actually has to open the cases and look at the dates of dismissal.

There are four United States Bankruptcy Court, Northern District of California ("USBC") in recent years worth evaluating:

**Three USBC Cases Are Outside the One-Year Window**:

1.    USBC No. **24-40512**, filed 4/11/24 was dismissed 5/28/24, e.g., **more than one year ago by 5 days**. Judicial Notice of "Order Dismissing Case" signed and entered on the court docket 5/28/24 attached hereto as Exhibit A is requested. Mr. Schwartz' new Chapter 13

1

filing in USBC case no. **25-50825** was entered 6/2/25, e.g., **370 days later – more than one year by 5 days. (Note: One cannot simply look at the court's Pacer list of cases and go by the "Date Closed.")**

2. Note: In the year 2023, Mr. Schwartz also filed for protection of the United States Bankruptcy laws in case no. **23-50372**, which case was dismissed 9/5/23. Judicial Notice of "Order Dismissing Case" signed 9/5/23 and entered on the court docket 9/6/23 attached hereto as Exhibit B is requested. This case has no bearing on the present analysis since the dismissal was simply stayed for determination of attorneys fees post-dismissal. 11 U.S.C. § 362 does not state that a dismissal that is stayed for purposes of awarding attorneys fees would change the effective dismissal date. The dismissal date of 9/5/23 is **636 days from the date of the new filing on 6/2/25.** Judicial Notice of "Order Dismissing Case Pre-Confirmation With A Stay" attached hereto as Exhibit B is requested.

3. USBC case no. **17-50805** which was appealed to the Ninth Circuit and came back from the appellate court was dismissed by a final "Order" of the Ninth Circuit Court entered 01/17/24, e.g., **502 days from the 6/2/25 new filing date**. Judicial Notice of "Order" of the Ninth Circuit Court of Appeal attached hereto as Exhibit D.

**One USBC Case is Within the One-Year Filing Window:**

4. USBC case no. **24-50762** was dismissed 6/5/24, e.g., **362 days from the new 6/2/25 filing date.** This dismissal is less than one year (365 days) by three days. Judicial Notice of "Order Dismissing Case" attached hereto as Exhibit E is requested and would count as one prior dismissal withing the past year.

## I. LEGAL ARGUMENT

**A. A DEBTOR IS ENTITLED TO AN AUTOMATIC STAY OF A STATE COURT TRIAL UPON FILING A CHAPTER 13 BANKRUPTCY PETITION DURING THE TRIAL – 11 USCS § 362**

A debtor is entitled to an automatic stay of a state court trial upon filing a Chapter 13 bankruptcy petition during the trial. Under 11 USCS § 362, the filing of a bankruptcy petition operates as an automatic stay, which is self-executing and immediately halts the

commencement or continuation of judicial proceedings **against the debtor**. This stay is broad in scope and is designed to provide the debtor with a "breathing spell" from creditors, allowing time to propose a reorganization plan or address financial obligations without the pressure of ongoing litigation  In re Wardrobe, 559 F.3d 932; Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi), 764 F.3d 1168; Hillis Motors v. Hawaii Auto. Dealers' Ass'n (In re Hillis Motors), 997 F.2d 581.

The automatic stay applies to all judicial actions or proceedings against the debtor that were initiated before the bankruptcy filing or that seek to recover claims arising before the bankruptcy case. This includes state court trials, which must cease upon the filing of the bankruptcy petition unless the bankruptcy court grants relief from the stay for cause  In re Daniels, 316 B.R. 342; In re Tucson Estates, Inc., 912 F.2d 1162. Actions taken in violation of the automatic stay are generally considered void  Hillis Motors v. Hawaii Auto. Dealers' Ass'n (In re Hillis Motors), 997 F.2d 581; In re Taylor, 884 F.2d 478.

Therefore, an automatic stay remains in place. If the parties wish to brief this issue on regularly noticed motion then the court can be further apprised of who is doing what to who.

Respectfully submitted,

Dated: June 2, 2025   /s/ *Donald Charles Schwartz*
_____
Donald Charles Schwartz
Attorney In Pro Per

**PROOF OF ESERVICE BY EMAIL**

I am employed in the county of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action; my business address is 7960-B Soquel Drive, No. 291, Aptos, CA 95003.

On June 2, 2025 I served the attached:

**MEMORANDUM IN OPPOSITION TO
"CONFIRMATION OF NO AUTOMATIC STAY"**

on the parties to said matter by causing a true copy of said document(s) to be transmitted by electronic mail to the electronic mail addresses of the parties/persons/firms listed below:

Thornton Davidson – thornton@thorntondavidsonlaw.com

Edward Egan Smith – esmith@steyerlaw.com

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Aptos, California, on June 2, 2025.

/s/ *Elizabeth A. Marani Schwartz*

Elizabeth A. Marani Schwartz

# EXHIBIT A



The following constitutes the order of the Court.
Signed: May 28, 2024

_____
Charles Novack
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DONALD CHARLES SCHWARTZ,

Debtor.

) Bankruptcy Case
) No. 24-40512 CN
)
) **Chapter 13**
)
) **ORDER DISMISSING CASE**
)

Debtor filed the above-captioned chapter 13 case on April 11, 2024. On May 22, 2024, Debtor filed a Notice of Dismissal (the "Notice").

Section 1307(b) of the Bankruptcy Code provides "on request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." 11 U.S.C. §1307(b). Local Bankruptcy Rule 1017-2 outlines the procedure for a debtor to seek dismissal under §1307(b). The Notice does not comply with the Local Rule 1017-2. However, independent review of the docket by the court reveals that the relief sought is appropriate under §1307(b). Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed.

***END OF ORDER***

-1-

```
 1  Case No. 24-40512 CN
 2                    COURT SERVICE LIST
 3  Donald Charles Schwartz
    7960 Soquel Dr. #291
 4  Aptos, CA 95003
 5
    All Parties to the Case
 6
```

-2-

Case: 25-50825    Doc# 8    Filed: 06/02/25    Entered: 06/02/25 16:22:02    Page 7 of 20
Case: 24-40512    Doc# 23   Filed: 05/28/24    Entered: 05/28/24 18:52:18    Page 2 of 2

# EXHIBIT B

DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P. O. Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

**Entered on Docket**
**September 06, 2023**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

The following constitutes the order of the Court.
Signed: September 5, 2023

*M. Elaine Hammond*

M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

**DONALD CHARLES SCHWARTZ,**

Debtor.

CASE NO. 23-50372 MEH

CHAPTER 13

ORDER DISMISSING CASE PRE-CONFIRMATION WITH A STAY

Date: August 31, 2023
Time: 1:30 p.m.
Judge: Hon. M. Elaine Hammond
Place: 280 S. First Street,
Courtroom 11
San Jose, CA 95113

A hearing on the Chapter 13 Trustee's Motion to Dismiss Case ("Motion") pursuant to 11 U.S.C. §§ 109(e) and 1307(c) was held on August 31, 2023. Appearances were noted on the record.

Based on the evidence before the Court and for good cause showing, IT IS HEREBY ORDERED THAT:

1. The Motion is granted for the reasons stated on the record;

2. This case is dismissed because Debtor is ineligible to be a chapter 13 debtor, but dismissal is stayed for 10 days from the date of entry of this order to provide Debtor with an opportunity to convert this case to a case under chapter 7 or chapter 11.

3. Upon dismissal and after payment of allowed adequate protection payments, if any, and administrative costs or fees, the Trustee shall return to the above-captioned Debtor any remaining balance of debtor funds on hand;

4. Notwithstanding dismissal of the case, the Trustee shall remit to the Clerk of the Court funds from any previously disbursed checks that remain un-cashed;

5. The Trustee shall submit at a later date her Trustee's Final Report for approval by the Court;

6. Notice of dismissal, once effective, shall be served upon all parties by the Clerk of the Court.

Approved as to form
and content on September 1, 2023:


/s/ *Aaron Lipton*
Aaron Lipton
Counsel for Debtor

*** END OF ORDER ***

# COURT SERVICE LIST

Registered ECF Participants will receive an electronically mailed copy of the foregoing document.

Non-registered parties, and/or those not represented by a registered ECF participant:

**None**

# EXHIBIT C

February 22, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: DONALD CHARLES SCHWARTZ, <br><br> Debtor, <br><br>------------------------------ <br><br> DONALD CHARLES SCHWARTZ, <br><br> Appellant, <br><br> v. <br><br> BANK OF NEW YORK MELLON, FKA Bank of New York, <br><br> Appellee. | No. 22-15201 <br><br> D.C. No. 3:20-cv-07680-VC <br> U.S. District Court for Northern California, San Francisco <br><br> **ORDER** |

A review of the docket demonstrates that counsel has failed to file the opening brief in this case.

Pursuant to Ninth Circuit Rule 42-1, this appeal is dismissed for failure to prosecute. Counsel for appellant is directed to notify his/her client immediately in writing regarding this dismissal.

This order served on the district court shall, 21 days after the date of the order, act as the mandate of this court.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

# EXHIBIT D



The following constitutes the order of the Court.
Signed: June 5, 2024

*Stephen Johnson*
_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**DONALD CHARLES SCHWARTZ**,<br><br>Debtor. | Case No. 24-50762 SLJ<br><br>Chapter 13 |

### ORDER DISMISSING CASE

The Court entered an Order to Show Cause Re Dismissal ("Order to Show Cause"), which requires a written response by June 4, 2024. Having reviewed Debtor's response, for the reasons set forth in the Order to Show Cause,

IT IS HEREBY ORDERED that this case is DISMISSED.

IT IS FURTHER ORDERED that the hearing on the Order to Show Cause, set for hearing on June 6, 2024, at 10:45 a.m., is DROPPED from the court's calendar. No appearances are necessary.

*** END OF ORDER ***

ORDER DISMISSING CASE                                                                                    1/2

Case: 25-50825    Doc# 8    Filed: 06/02/25    Entered: 06/02/25 16:22:02    Page 16 of 20
Case: 24-50762    Doc# 24   Filed: 06/05/24    Entered: 06/05/24 10:30:38    Page 1 of 2

**COURT SERVICE LIST**

Donald Charles Schwartz
7960 Soquel Drive #291
Aptos, CA 95003

ORDER DISMISSING CASE

2/2

Case: 25-50825    Doc# 8    Filed: 06/02/25    Entered: 06/02/25 16:22:02    Page 17 of 20
Case: 24-50762    Doc# 24    Filed: 06/05/24    Entered: 06/05/24 10:30:38    Page 2 of 2

# EXHIBIT E

Entered on Docket
June 5, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: June 5, 2024

*Stephen Johnson*

Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**DONALD CHARLES SCHWARTZ**,<br><br>Debtor. | Case No. 24-50762 SLJ<br><br>Chapter 13 |

## ORDER DISMISSING CASE

The Court entered an Order to Show Cause Re Dismissal ("Order to Show Cause"), which requires a written response by June 4, 2024. Having reviewed Debtor's response, for the reasons set forth in the Order to Show Cause,

IT IS HEREBY ORDERED that this case is DISMISSED.

IT IS FURTHER ORDERED that the hearing on the Order to Show Cause, set for hearing on June 6, 2024, at 10:45 a.m., is DROPPED from the court's calendar. No appearances are necessary.

*** END OF ORDER ***

ORDER DISMISSING CASE 1/2

Case: 25-50825   Doc# 8   Filed: 06/02/25   Entered: 06/02/25 16:22:02   Page 19 of 20
Case: 24-50762   Doc# 24   Filed: 06/05/24   Entered: 06/05/24 10:30:38   Page 1 of 2

**COURT SERVICE LIST**

Donald Charles Schwartz
7960 Soquel Drive #291
Aptos, CA 95003

ORDER DISMISSING CASE

2/2

Case: 25-50825 Doc# 8 Filed: 06/02/25 Entered: 06/02/25 16:22:02 Page 20 of 20
Case: 24-50762 Doc# 24 Filed: 06/05/24 Entered: 06/05/24 10:30:38 Page 2 of 2