Donald Charles Schwartz, Esq. (SBN 122476)
Law Offices of Donald C. Schwartz
7960-B Soquel Drive, No. 291
Aptos, CA 95003
831-331-9909; Facsimile 815-301-6556
email: triallaw@cruzio.com
        donald@lawofficedonaldschwartz.com

Attorney In Pro Per

FILED
JUN 1 6 2025
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATE BANKRUPTFCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re:                                    ] Chapter 13
                                          ]
DONALD CHARLES SCHWARTZ                   ] Bankruptcy No. 25-50825
                                          ]
                                          ] Date: June 26, 2025
                                          ] Time: 10:00 a.m.
                                          ] Courtroom: 10 - Honorable Stephen L.
                                          ] Johnson
_____]

**AMENDED MOTION TO EXTEND AUTOMATIC STAY**
**(11 USCS § 362; Northern District Bankruptcy Court Local Rule 4001-2)**

TO THIS HONORABLE COURT AND ALL INTERESTED PARTIES:

Debtor Donald Charles Schwartz ("Moving Party") hereby requests an order extending the automatic stay in this matter ("Request").

The Request will be heard June 26, 2025 at 10:00 a.m. in Courtroom 10 before The Honorable Stephen L. Johnson in the United States Bankruptcy Court, Northern District of California, 280 South First Street, San Jose, California 95113.

The Request applies to all creditors except as to a pending United States Tax Court case pending in Washington, D.C., case no. 4705-25L and claim for debtor's tax year 2018. It is debtor's desire that the tax dispute be allowed to go forward so that it can be promptly resolved and this bankruptcy estate promptly settled.

1

This case is filed in good faith as to the creditors to be stayed (and all other creditors).

Notably, an attempt to be relieved of the automatic stay was already made in this case by the Conservator for a Jason Neel, a plaintiff in a case pending in the Santa Cruz County Superior Court, No. 22CV01758. (DKT 5) which this Court denied. (DKT 12) Since that time, the Conservator has dismissed debtor Schwartz (with prejudice) from any and all of the Conservator's claims pending in the State Court case. Judicial Notice of Request for Dismissal attached to the accompanying Declaration of Donald Charles Schwartz ("Schwartz Dec.") as Exhibit 1 is requested.

A case is presumptively not filed in good faith if, for example, the debtor had a prior case dismissed within the preceding year for failure to comply with court requirements, unless the debtor can rebut this presumption with clear and convincing evidence. Debtor tried to comply with all requirements of the previously dismissed Chapter 13 case within the past year but for medical reasons (combined with the complexities of the bankruptcy court) was not able to do so. See Daniel Temple, M.D. and Jay Johnson, M.D. Letters attached to the Schwartz Dec. as Group Exhibit 2.

The debtor has provided a declaration with evidence showing good faith and explaining the circumstances of four (4) prior case dismissals within the past eight years (N.D. Cal. B.L.R. 4001-2) See, Schwartz Dec.

There is a substantial change in the debtor's financial or personal circumstances since the dismissal of the prior case, or that the prior case was dismissed for reasons that do not indicate bad faith, such as excusable neglect or attorney error 11 USCS § 362. See, Schwartz Dec. That change is that there is now pending an illegal foreclosure on debtor's real property. This is true for a couple of reasons but the main reason is the discovery of a forged signature utilized by a lender (Countrywide Home Loans and/or its agent) in assigning a deed of trust which is now being utilized in that foreclosure. The California Supreme Court in the case of **Yvanova v. New Century Mortgage Corp.** (2016) 62 Cal.4th 919 has held that a forged instrument in a chain of title confers no legal rights and is tantamount to a "blank sheet of

paper." For this reason alone, no foreclosure activity can legally proceed against debtor's real property.

In conclusion, debtor Donald Charles Schwartz requests that the automatic stay be extended, except as to the United States Tax Court case, no. 4705-25L.

Respectfully submitted,

Dated: June 14, 2025  /s/ Donald Charles Schwartz

Donald Charles Schwartz
Attorney In Pro Per

## PROOF OF ESERVICE VIA ECF

The foregoing document has been served via the Court's own ECF system

/s/ Elizabeth A. Marani Schwartz

Elizabeth A. Marani Schwartz